IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Lana Odetta Green, | ) | Civil Action No.: 9:14-2195-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Lana Odetta Green ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

On May 12, 2015, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 23.) The plaintiff filed Objections on May 18, 2015 (ECF No. 25), and on June 4, 2015, the Commissioner filed a Reply (ECF No. 26). For the reasons stated below, the Court cannot adopt the Report and Recommendation and, therefore, reverses and remands the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 41 years old on her alleged disability onset date due to degenerative disc disease, spondylosis, panic attacks and anxiety, high blood pressure, and gastrointestinal problems, has a ninth grade education, and past relevant work experience as a cashier and an office manager. (R. at 48-49, 58, 125-131, 154-155.) The plaintiff's application was denied initially and on reconsideration. (R. at 58-79.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on December 28, 2012, finding that the plaintiff was not disabled. (R. at 28-57, 11-17.) The Appeals Council denied the plaintiff's request for review (R. at 1-4), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on June 5, 2014. (ECF No. 1.)

## REPORT AND RECOMMENDATION

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 23 at 24-25.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no

objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock*

*v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on May 18, 2015 (ECF No. 25), and the Commissioner filed a reply on June 4, 2015 (ECF No. 26). The plaintiff objects to the magistrate judge's recommendation concerning (1) the specificity of the sit/stand option included by the ALJ in the residual functional capacity; (2) the ALJ's alleged failure to properly consider evidence of cervical degenerative disc disease; (3) the ALJ's alleged failure to consider the plaintiff's severe impairment of procitis; and (4) the ALJ's alleged failure to properly consider the plaintiff's credibility. The Court will consider each specific objection in turn.[1]

### I.     Sit/Stand Option

The plaintiff first contends that the sit/stand option, included in her residual functional capacity, is inadequately defined to allow a determination as to whether she can still work. Social Security Ruling 96-9p acknowledges that the residual functional capacity for alternate sitting and standing erodes the sedentary occupational base, but notes that the

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

"extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9p.  The magistrate judge, relying on relevant authority (R&R at 14-15), properly concluded that no greater specific frequency is required when the sit/stand option is "at will." (Dkt. 23 at 14).  The Court disagrees with the plaintiff's objection that recent cases of this District require more.  *See Bryant v. Colvin*, 2014 WL 3670842, at *14 n.4 (D.S.C. July 22, 2014) (holding that the ALJ's determination that the plaintiff would need to alternate positions every 45 to 60 minutes met the specificity requirements of SSR 96-9p); see also Sumter v. Colvin, 2014 WL 508365, at *5 (D.S.C. Feb. 6, 2014) (finding that ALJ's determination that claimant would need to alternate sitting and standing each hour was deficient because it did not reference the length of time the claimant would need to stand).

The magistrate judge's determination in this respect is the law of this Circuit and others. *See Thompson v. Astrue*, 442 Fed. Appx. 804, 807 (4th Cir.2011) (holding that where Soc. Sec. Ruling 96–9p was inapplicable, "[t]he ALJ's RFC finding and hypothetical were consistent with an at-will sit-stand option, and we find that no greater specificity was required here"); *Jimison v. Colvin*, 513 Fed. Appx. 789, 792 (10th Cir.2013) (ruling that the frequency requirement in Soc. Sec. Ruling 96–9p was satisfied by the inclusion of an "at-will" sit/stand option); *Ketelboeter v. Astrue*, 550 F.3d 620, 626 (7th Cir.2008) (holding requirement that claimant had "to have a sit, stand option where he could sit or stand as needed during the day" was sufficiently specific).  "At-will" is a sufficiently specific frequency.

The plaintiff also reasserts that the ALJ failed to properly explain the findings

regarding her back pain. The ALJ found that the plaintiff had a severe impairment of *cervicolumbar* degenerative disc disease with disc bulge at L4-5, accounted for in the sit/stand option. (R. at 13.) The magistrate judge affirmed that determination as based on substantial evidence. The plaintiff continues to argue, however, that the ALJ, and now the magistrate judge, has failed to explain how the RFC accounts for her *cervical* degenerative disc disease. The plaintiff emphasizes that the ALJ noted an MRI from June 5, 2011, which showed multi-level spondylosis and degenerative disc disease within the lower cervical spine with disc osteophyte complexes at C3-4, C4-5, and a suggestion of canal compromise at C4-6. (R. at 15.) She complains, however, that the ALJ does not explain how a sit/stand option would accommodate the pain associated with degenerative disc disease of the cervical spine. She surmises that if her lumbar pain causes her to stand, it is reasonable that her cervical degenerative disc disease would interfere with her ability to continue working while standing over a workstation.

First, this is speculative. The plaintiff has not actually produced evidence of such limitation. Second, such is the nature of the sit/stand option. As the plaintiff's ability to tolerate one posture diminishes, she can elect another. But, the Court, itself, does not mean to guess. The ALJ identified limitations reasonably accommodating of the pain established and the plaintiff has not put forward evidence that those limitations should actually be something greater. There is no error.

**II.    Procitis**

The plaintiff has also reiterated her complaint that the ALJ did not properly consider her severe impairment of procitis. The plaintiff argues that the evidence of record, relied upon by the magistrate judge (R&R at 18) to affirm the ALJ's conclusion that procitis did not cause any significant limitation, amounts to an impermissible *post-hoc* rationalization,

-6-

as the ALJ himself did not consider any such evidence.

The ALJ's decision is admittedly not overly thorough in this, or any, regard. There is not a significant account of the medical evidence, generally, and no particular analysis related to evidence of procitis, specifically. She was certainly acknowledging of evidence of abdominal pain. (R. at 15.) But, there is essentially no discussion of procitis in the decision, which the ALJ did find severe. (R. at 13.) As above, the Court would typically demand of the plaintiff evidence of some additional limitation resulting from the professed impairment not already accounted for in the residual functional capacity, but, in this instance, the lack of reviewable consideration by the ALJ, with respect to procitis, is fairly pronounced. There is none. The plaintiff, in contrast, has put forward medical evidence regarding the plaintiff's proctitis that documented ongoing abdominal pain, constipation, bladder spasms and rectal bleeding. (R. at 469, 436, 364, 414, 325, 310, 197, 229-230, 237-240, 201, 198, 195, 492-500, 542, 741, 759, 590, 646, 717-738, 796, 798.) The magistrate judge ably attempted to make measure of the quality of such evidence and its tendency to show additional limitation, but, as the plaintiff complains, it is an exercise too far. The ALJ simply did not address it in any way that might make possible a meaningful review by this Court, now. Remand, therefore, is appropriate so that the ALJ can consider and explain the effects, if any, of the plaintiff's procitis. She did not.

The plaintiff's credibility, of course, should be reevaluated in light of the defendant's reconsideration of procitis and any consistency or inconsistency therewith.

-8-

## **CONCLUSION**

Respectfully, the Court cannot concur in the ultimate recommendation of the Magistrate Judge but incorporates the law and facts herein by reference to the extent not inconsistent with this order.  The decision of the Commissioner to deny benefits is, therefore, REVERSED and REMANDED for additional consideration consistent with this Order.

IT IS SO ORDERED.

      /s/Bruce Howe Hendricks
United States District Judge

September 23, 2015
Greenville, South Carolina